IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 19, 2019 Session

## CARL SHORT EX REL. ALLISON HOPE SHORT v. METRO KNOXVILLE HMA, LLC, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-346-17          William T. Ailor, Judge**

_____

**No. E2018-02292-COA-R3-CV**

_____

THOMAS R. FRIERSON, II, J., dissenting.

I respectfully dissent from the majority's decision to reverse the trial court's dismissal of this action. I believe that the trial court properly relied on this Court's majority opinion in *Parks v. Walker*, No. E2017-01603-COA-R3-CV, 2018 WL 6242461 (Tenn. Ct. App. Nov. 28, 2018), *perm. app. denied* (Tenn. Mar. 27, 2019), as an analogous case. The trial court found that the plaintiff, Carl Short ("Plaintiff"), had failed to substantially comply with Tennessee Code Annotated § 29-26-121(a)(2)(E) (Supp. 2018), which provides that written pre-suit notice shall include a HIPPA-compliant medical authorization "permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Inasmuch as the authorizations in the instant action authorize each defendant to disclose medical records to the other named medical providers but do not authorize each provider to request the other providers' records, I conclude that, as in *Parks*, Plaintiff's authorizations are "not sufficient to enable defendants to obtain plaintiff's medical records" and are therefore not substantially compliant with the statute. *See Parks*, 2018 WL 6242461, at *3.

The majority distinguishes the facts in the case at bar from those in *Parks* because the plaintiff in *Parks*, unlike the plaintiff in the instant action, had failed to state the purpose of the medical authorizations. *See id.* at *3 (explaining that this lack of stated purpose was a missing "core element" pursuant to 45 C.F.R. § 164.508(c)(1)(iv)). However, upon careful review, I do not find that this Court's majority decision in *Parks* was dependent on the missing core element of a stated purpose. The *Parks* majority also determined that the authorizations were not substantially compliant because the plaintiff had failed to authorize requests of medical records from the other named providers even though the plaintiff had included a list of the medical providers with each authorization form. *Id.* at *3. Moreover, "substantial compliance, as it is used in the context of pre-suit

notice, does not refer solely to the number of satisfied elements, but rather to a degree of compliance that provides the defendant with the ability to access and use the medical records for the purpose of mounting a defense." *Lawson v. Knoxville Dermatology Grp., P.C.*, 544 S.W.3d 704, 711 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Nov. 16, 2017) (citing *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 555 (Tenn. 2013)).

In *Parks*, the "authorizations provided to defendants only authorize[d] them 'to release, use or disclose' plaintiff's health records to the other providers listed in the authorization." *Parks*, 2018 WL 6242461, at \*1. In noting the plaintiff's argument that "each provider can look at the list of providers and should know that each of them also received their own authorization form allowing them to release, use or disclose the material information," the *Parks* trial court found that this proposition was not in keeping with the requirements of the law because "to be effective, the authorization form must allow a medical provider to obtain records from other providers." *Id.* at \*3. This Court's majority opinion "affirm[ed] the trial court's holding that plaintiff's authorization [was] not sufficient to enable defendants to obtain plaintiff's medical records." *Id.* In the instant action, the majority states that "to the extent this Opinion may conflict with *Parks*, we submit that *Parks* was decided wrongly." I respectfully disagree.[1]

In the case at bar, the majority takes issue with the defendants' selective reliance on Plaintiff's written notice letter, a copy of which accompanied each authorization sent to individual defendants. I agree with the majority that "the notice letter either is to be considered along with the authorization or it is not." However, I conclude that combining the plaintiff's notice letter with the authorization form to create substantial compliance impermissibly creates a compound authorization. As this Court has explained:

> [T]he [plaintiffs] assert that the document attached to their pre-suit notice, titled, "LIST OF HEALTH CARE PROVIDERS," can supplement the HIPAA authorization to satisfy the requirement provided in 45 C.F.R. § 164.508(c)(1)(ii). However, the Code of Federal Regulations, with certain exceptions not applicable here, specifically prohibits compound authorizations. *See* 45 C.F.R. § 164.508(b)(3) ("An authorization for use or disclosure of protected health information may not be combined with any other document to create a compound authorization . . . ."). This Court has previously "rejected the Plaintiffs' contention that the authorization forms were sufficient when considered alongside the pre-suit notice letters that accompanied the forms." *See J.A.C. v. Methodist Healthcare Memphis Hosps.*, No. W2016-00024-COA-R3-CV, 542 S.W.3d 502, 514, 2016 WL 6493229, at \*8 (Nov. 2, 2016), *perm. app. denied* (Tenn. Mar. 9, 2017).

---

[1] I do, however, respectfully share in the majority's suggestion that this matter may be suitable for final resolution by our Supreme Court.

Therefore, the [plaintiffs] could not combine their attached list of health care providers with the medical authorization in order to achieve substantial compliance.

*Lawson*, 544 S.W.3d at 712. In this case, the plaintiff failed to provide authorizations permitting the defendants receiving the notice to "obtain complete medical records from each other provider being sent a notice." *See* Tenn. Code Ann. § 29-26-121(a)(2)(E).

For the foregoing reasons, I submit that the trial court properly dismissed this action for lack of substantial compliance with Tennessee Code Annotated § 29-26-121(a)(2)(E). I therefore respectfully dissent from the majority's decision to reverse the trial court's judgment.

_____
THOMAS R. FRIERSON, II, JUDGE